**STATE of Tennessee, Appellee,**

v.

**Robert Howard STONE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 28, 1994.

John Dickey, Public Defender, Fayetteville, at trial for appellant.

Robert L. Marlow, Assistant Public Defender, Fayetteville, on appeal for appellant.

Charles W. Burson, Atty. Gen., and Christina Shevalier, Asst. Atty. Gen., Nashville, William Michael McCown, Dist. Atty. Gen., Fayetteville, Weakley E. Barnard, Asst. Dist. Atty. Gen., Lewisburg, for appellee.

## OPINION

TIPTON, Judge.

The defendant, Robert Howard Stone, appeals as of right from the Marshall County Circuit Court's revoking his split confinement probation because of further criminal activity. He contends that the trial court had no authority to revoke probation in that the new offense occurred only during his release from confinement obtained by making bond pending the appeal of his conviction, but before his probationary term began.

The defendant was convicted of aggravated assault and the trial court sentenced him on August 19, 1992, to four years. He was to serve 330 days in confinement with the remainder to be served on probation. On September 29, 1992, the defendant made bond pending the appeal of his conviction. *See State v. Robert Howard Stone*, No. 01–C–01–9302–CC–00043, Marshall Co., 1993 WL 313605 (Tenn.Crim.App., Aug. 19, 1993) (affirming conviction). In December, 1992, the defendant was arrested for a new felony offense and the trial court revoked his appeal bond in the present case in January, 1993. The defendant was convicted of aggravated assault in the new case and was sentenced to eight years in the department of correction, to be served consecutively to his first sentence.[1]

Afterwards, a probation revocation warrant was issued because of the second conviction. At the May 19, 1993, revocation hearing, the defendant contended that he was not on probation at the time of the second offense and that because his release from confinement was only obtained by making an appeal bond, the trial court was without authority to revoke his uncommenced probation. The trial court revoked probation, stating that if the appellate courts concluded that probation could not be revoked for a second crime as claimed by the defendant, "then we are in a lot of trouble."

The defendant argues that although his appeal bond may have been appropriately revoked pursuant to T.C.A. § 40–11–113(a)(4), the revocation of his probation under the circumstances of this case was improper. He relies upon T.C.A. § 40–35–311(a) which provides in part:

*Procedure to Revoke Suspension of Sentence or Probation.*—(a) Whenever it shall come to the attention of the trial judge that any defendant who has been released upon suspension of sentence has been guilty of any breach of the laws of this state or who has violated the conditions of his probation, the trial judge shall have the power to cause to be issued under his hand a warrant for the arrest of such defendant as in any other criminal case.

The defendant points to the statute's reference to a defendant "who has been released upon suspension of sentence" and contends that such a predicate condition is not met by his merely making an appeal bond. The state's brief concedes to the defendant's interpretation of the statute and its effect and "submits the case to this Court without recommendation."

First, we note that the defendant's position would mean that he could commit new criminal acts and only be exposed to the original

---

1. A lot of the relevant case history recited in this opinion is not in the record on appeal in this case. It derives from the appendix graciously provided by the state in its brief, which includes parts of the record in the appeal to this court of the underlying conviction. Although we, in the interests of justice, occasionally admit to judicial knowledge of previous proceedings in the same or a related case for the purpose of reaching the merits of issues raised, we have no obligation to do so. It is not our function, *sua sponte*, to discern the existence of, locate or review another appellate record in order to determine what parts of it happen to have relevance to the case and record directly before us. Collectively, it is the role and obligation of the parties and the clerk of the trial court, with the majority of the burden being upon the appellant—not us—to insure that the record in an appealed case is, itself, complete relative to the issues presented for review. *See* T.R.A.P. 24 and 25. In most cases, it is incumbent upon an appellant to insure that the record in his or her appeal is complete, regardless of what other records may be before us. We are not adverse to either partially duplicated records or to motions to consolidate records on appeal to insure full review. Otherwise, appellants run the real risk of meritorious consideration of an issue being foreclosed. *See State v. Oody*, 823 S.W.2d 554, 559 (Tenn.Crim.App. 1991); *State v. Bennett*, 798 S.W.2d 783, 789–90 (Tenn.Crim.App.1990), *cert. denied*, 500 U.S. 915, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991).

330 days confinement, totally insulated from having his future service of probation disturbed. We conclude that a trial court's authority to act in such a case involving split confinement is more elastic than that which the parties extract from T.C.A. § 40–35–311(a), a procedural statute.

We view the issue to have both substantive and procedural features and we believe that some history of the development of combining confinement with probation in Tennessee is relevant. Before 1982, Tennessee's statutory law dealing with probation did not speak to a sentence which involved both confinement and probation. *See* T.C.A. § 40–2901 (1975) [repealed]. It did prohibit, except in certain circumstances after thirty days had been served, suspension being granted after a defendant began serving a sentence in confinement. T.C.A. § 40–2903 (1975) [repealed]. Also, T.C.A. § 40–2902 (1975) [repealed] provided that the trial court was to "pronounce judgment against the defendant" and then "suspend the execution thereof by placing the defendant upon probation...." In *State v. Gaines*, 622 S.W.2d 819 (Tenn. 1981), this court, in a split decision, had reversed a sentence which involved both probation and periodic confinement totalling fifteen days, stating that the law did not allow for "anticipatory probation" in such a manner. However, the supreme court held that the general language of the probation statutes was broad enough to authorize the trial court to require a period or periods of confinement as a condition to the grant of probation.

In the 1982 Criminal Sentencing Reform Act, the legislature enacted provisions allowing for split and periodic confinement which coupled confinement with probation. *See* T.C.A. §§ 40–35–306 and –307 (1982) [repealed]. These provisions have been carried forward to the present law under the 1989 Criminal Sentencing Reform Act. *See* T.C.A. §§ 40–35–306 and –307 (1990). We conclude that these provisions represent little more than an expansion and codification of the principles addressed in *Gaines*.

Although the statutes dealing with the grant of probation have been changed, a lot of the wording of the statutes dealing with the procedures to revoke probation have not. *Compare* T.C.A. §§ 40–35–310, –311(a) (1990) *with* T.C.A. §§ 40–21–106, –107(a) (1982) [repealed] *and* T.C.A. §§ 40–2906, 2907 (1975) [repealed]. This includes the provision about a violation coming to the trial court's attention for a defendant "who has been released upon suspension of sentence." However, the present statute does not speak to the trial court's general authority to revoke, only to procedure. That is, although it provides the procedure for the court to follow when a defendant has been released on probation, it does not purport to limit to such a circumstance the trial court's authority to act.

In T.C.A. § 40–35–310, the trial court is given the power "at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in § 40–35–311, to revoke and annul such suspension...." In *State v. Kimberly W. Haga*, No. 859, Sullivan Co., 1989 WL 146751 (Tenn.Crim.App., Dec. 5, 1989), the defendant was sentenced to eleven months and twenty-nine days in jail with forty-five days to be served in confinement and the remainder on probation. Before being incarcerated, she was the driver in a fatal automobile accident. The general sessions court revoked probation, but the criminal court reversed, stating that probation could not be revoked until the probationary term began. This court reversed under the predecessor to § 40–35–310, stating that it empowered the general sessions court "to revoke the suspended sentence at any time from the entry of judgment until the expiration of the term of 11 months and 29 days." Slip op. at 1.

■ We conclude that from the date of the entry of a judgment which includes sentencing to both confinement and probation, a trial court has the authority to revoke probation if a defendant commits another crime after entry of the judgment, but before the probationary term begins. We note that all jurisdictions, save one, that have been confronted with criminal acts occurring after sentencing but before a probationary term has begun have held that the trial court has the authority to revoke, even if existing statutes refer to violations occurring during the probation pe-

riod. *See* Lee R. Russ, Annotation, *Power of Court to Reverse Probation for Acts Committed after Imposition of Sentence but Prior to Commencement of Probation Term*, 22 A.L.R. 4th 755 (1983); *Matthews v. State*, 304 Md. 281, 498 A.2d 655, 658–61 (1985).

 The record in this case does not show if specific conditions of probation had already been placed upon the defendant. However, even if they had not, we conclude that an obligation not to commit a criminal violation is so inherently and patently a requirement of our citizens that it attaches to any grant of probation and that probationers, whether they be present or future, are put on notice, as a matter of law, that further criminal acts may result in revocation.[2]

Therefore, once the defendant was subject to the sentence of split confinement, he was obligated to refrain from committing a crime. Upon his commission of a new crime, the trial court was authorized to revoke his probation even though the probationary term had not begun. The judgment is affirmed.

SCOTT, P.J., and SUMMERS, J., concur.

2. All citizens are put on notice that their conduct must conform to the requirements of a law upon that law's enactment. Also, we note that T.C.A. § 40–35–311 refers to revocation for violations of the law separate from revocation for violation of a condition of probation.