IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION



FILED

March 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9602-CC-00075 |
| | ) | |
| | ) | Sullivan County |
| v. | ) | |
| | ) | Honorable R. Jerry Beck, Judge |
| | ) | |
| DAVID GLEN HAYNES, | ) | (Sentencing) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Stephen M. Wallace
District Public Defender
   and
Gale K. Flanary
Assistant District Public Defender
P.O. Box 839
Blountville, TN 37617

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
   and
Janis L. Turner
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General
        and
Phyllis H. Miller
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, David Glen Haynes, appeals as of right from an order of the Sullivan County Criminal Court reversing its earlier grant of intensive probation. On July 13, 1995, the defendant was convicted of aggravated burglary and aggravated assault, Class C felonies, in the Sullivan County Criminal Court upon his entry of guilty pleas.[1] The defendant was sentenced as a Range I, standard offender to concurrent sentences of five years. The trial court ordered that the defendant serve his sentences consecutively to the sentences imposed in an unrelated case.[2] The trial court initially granted intensive probation, but it reconsidered and reversed its decision after granting the state's petition for a rehearing based upon the defendant's commission of an assault upon his girlfriend that was not revealed at the sentencing hearing.[3] The defendant contends that the trial court erroneously granted the state's petition to rehear and erroneously denied probation. We affirm the judgment of the trial court.

Initially, we note that the briefs submitted by both parties in this case are lacking relative to the central issue in this appeal. See T.R.A.P. 27(a)(7), (b) and (h); Tenn. Ct. Crim. App. R. 10. The defendant's brief raises the issue whether the trial court erred by granting the state's petition to rehear and by denying probation. In the argument portion of his brief, the defendant essentially summarizes the facts and then states that "the court erred in reconsidering the matter, had correctly granted intensive probation earlier, and erred in reversing its decision . . . ." The only authority cited by the defendant relates to the appropriateness of denying alternative sentencing. The defendant cites no authority in support of his argument that the trial court erred by

---

[1] The transcript of the guilty plea hearing is not contained in the record on appeal.

[2] On July 13, 1995, the defendant also entered guilty pleas to the charges of rape, a Class B felony, and incest, a Class C felony, involving the defendant's daughter. The defendant received concurrent, Range I sentences of eight years and three years, respectively. Upon recommendation by the state, the trial court granted intensive probation.

[3] Apparently, no one at the sentencing hearing but the defendant was aware of the assault charge.

2

granting the state's petition to rehear and reconsidering its decision to grant intensive probation.  Nor does the state respond to the issue about whether the trial court could grant the petition to rehear and modify the manner of service of the sentence imposed to a harsher manner.  Rather, the state viewed the issue as one relating only to whether the trial court appropriately denied alternative sentencing.  Although it does note that this court has affirmed a probation revocation for the commission of an offense committed after the entry of judgment, but before the probationary term begins, <u>see</u> <u>State v. Stone</u>, 880 S.W.2d 746, 748 (Tenn. Crim. App. 1994), it does not explain how the <u>Stone</u> circumstances relate to the present case.

We hold that the defendant has waived any claims regarding the procedural correctness of the trial court's actions.  The argument portion of an appealing party's brief must set forth the contentions with respect to the issues presented on appeal with citations to the authorities.  T.R.A.P. 27(a)(7) and (h).  Pursuant to Rule 10(b), Tenn. Ct. Crim. App. R., issues that are not supported by argument or citation to authorities will be treated as waived by this court.  Given the shortcomings of the defendant in preparing his brief, the issues presented by the defendant must be treated as waived.

In any event, we note that the trial court afforded the defendant the procedural protections provided under T.C.A. § 40-35-311 for probation revocations.  Moreover, evidence presented at the hearing on the state's petition to rehear established by a preponderance of the evidence that the defendant violated the law, conduct unknown to the trial court at the sentencing.  Under similar circumstances, this court has approved a probation revocation even though the offense was committed before the original sentencing.  <u>See</u> <u>State v. Stubblefield</u>, 953 S.W.2d 223, 223-25 (Tenn. Crim. App. 1997).

Therefore, we see nothing in the record that would warrant us concluding that the order of confinement was illegal or unauthorized.  In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Gary R. Wade, Judge

_____
William M. Barker, Judge