# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 14, 2001 Session

## STATE OF TENNESSEE v. SANDRA BROWN

### Direct Appeal from the Criminal Court for White County
#### No. CR560      Lillie Ann Sells, Judge

---

#### No. M2000-00792-CCA-R3-CD - Filed September 19, 2001

---

The defendant appeals the judgment of the trial court revoking her probation. She raises two issues: (1) whether the evidence supported the trial court's finding that she violated the terms of her probation by committing the offense of accessory after the fact; and (2) whether the trial court had the authority to order her to continue her supervised probation pending this appeal. After a thorough review of the record, we find both issues have merit; therefore, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

John B. Nisbet, III, Cookeville, Tennessee, for the appellant, Sandra Brown.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William Edward Gibson, District Attorney General; and William M. Locke, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant pled guilty to attempted accessory after the fact, a Class A misdemeanor, on September 3, 1999, in the General Sessions Court of White County after an officer observed her driving a vehicle with her husband, George Brown, an escaped felon, as a passenger. She was sentenced to 11 months and 29 days, all suspended except for 40 days in confinement, with the remainder of the sentence to be served on supervised probation. The general sessions court issued an order enumerating the terms of the defendant's probation as numbered rules, with Rule 1 being:

[The defendant] will not violate any law; the violation of the law shall be construed a violation of probation. Any new violations are to be reported to the probation officer within 72 hours. New law violations may result in a violation warrant being issued.

In October 1999, after George Brown had again escaped from jail, sheriff's department officers had a conversation with the defendant in which they questioned her regarding her husband's location, advised her that he had again escaped from jail, and instructed her to "bring him in."

On December 24, 1999, the sheriff's department received information that George Brown was at his mother's trailer. Officers entered the trailer and found George Brown and the defendant in a bed. Corporal Chris Luna of the White County Sheriff's Department charged the defendant with being an accessory after the fact. Probation officer Joel Colton executed an affidavit alleging the defendant had violated Rule 1 of the terms of her probation by committing accessory after the fact on December 24, 1999. The general sessions court issued a probation violation warrant based on Colton's affidavit. On February 4, 2000, the general sessions court conducted a combined preliminary hearing and probation violation hearing. It dismissed Corporal Luna's warrant for lack of probable cause, yet revoked the defendant's probation. The defendant then filed a timely appeal of her probation revocation to the White County Criminal Court.

On March 30, 2000, the criminal court conducted a *de novo* probation violation hearing. *See* State v. Cunningham, 972 S.W.2d 16, 18 (Tenn. Crim. App. 1998). Joel Colton testified that the December 24, 1999, charge for accessory after the fact was the sole basis for the probation violation warrant. Corporal Luna testified that on December 24, 1999, the defendant and her husband were in bed together in her mother-in-law's trailer. The criminal court judge found by a preponderance of the evidence that the defendant had violated her probation and revoked probation.[1] The trial court allowed the defendant to remain on bond and also ordered the defendant to remain on supervised probation pending her appeal to this court. The revocation order was not entered until November 14, 2000.[2]

_____

[1] The trial court initially stated it found "probable cause" that the defendant had violated her probation. The court later changed its finding, stating it found by a "preponderance of the evidence" that the defendant had violated her probation. A "probable cause" finding is insufficient to justify a revocation. *See* Tenn. Code Ann. § 40-35-311(d).

[2] Between March 30, 2000, and November 14, 2000, the general sessions court issued another violation warrant, as did the criminal court. On November 20, 2000, the criminal court issued yet another violation warrant. All of these warrants were for reasons unrelated to the present appeal. We are unaware of the outcome of these warrants. Subsequently in this opinion we conclude the trial court erred in requiring a continuation of supervised probation during appeal, but also conclude the trial court has authority to conduct a revocation of probation proceeding based on violations of law committed during the time the defendant was released on bail during the appeal. *See* State v. Stone, 880 S.W.2d 746, 748 (Tenn. Crim. App. 1994).

# I. PROBATION VIOLATION FOR OFFENSE OF ACCESSORY AFTER THE FACT

The defendant contends the trial court erred in finding the defendant had violated her probation by committing the offense of accessory after the fact. A trial court may revoke probation and order the imposition of the original sentence upon finding by a "preponderance of the evidence" that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311(d). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In the case *sub judice*, the probation violation warrant alleged only one violation, that the defendant committed accessory after the fact on December 24, 1999. The proof at the violation hearing before the criminal court established that officers found the defendant in bed with her husband, a felony escapee, in a home owned by her husband's mother. The offense of accessory after the fact is defined as:

> A person is an accessory after the fact who, after the commission of a felony, with knowledge or reasonable ground to believe that the offender has committed the felony, and with the intent to hinder the arrest, trial, conviction or punishment of the offender:
>
> (1) Harbors or conceals the offender;
>
> (2) Provides or aids in providing the offender with any means of avoiding arrest, trial, conviction or punishment; or
>
> (3) Warns the offender of impending apprehension or discovery.

Tenn. Code Ann. § 39-11-411(a).

After carefully reviewing the record, we can find no substantial evidence establishing by a preponderance of the evidence that the defendant's presence with her escaped husband in his mother's home made her an accessory after the fact as defined by the statute.[3] Since this was the sole basis for revoking probation, we conclude the trial court erred in revoking the defendant's probation.

---

[3] It may also be that the present statute, Tenn. Code Ann. § 39-11-411 (1997), like the former statute, Tenn. Code Ann. § 39-1-306 (1982), also requires that the principal be convicted prior to the trial of the accessory after the fact. *See* State v. Hodgkinson, 778 S.W.2d 54, 63 (Tenn. Crim. App. 1989) (holding that under Tenn. Code Ann. § 39-1-306 (1982) the principal must first be tried and convicted before accessory after the fact can be established). The conviction of George Brown for escape was not established at the hearing.

## II. COURT'S AUTHORITY PENDING APPEAL

Further, the defendant argues the trial court erred in ordering the defendant to continue her supervised probation while she appealed the judgment of the trial court revoking her probation. The state, in its brief, concedes that the trial court acted improperly in this respect. We agree, but for a different reason than that advanced by the defendant and the state.

In State v. Lyons, a case cited by both parties, this court held that when a defendant is convicted of a misdemeanor and sentenced to probation, the sentence is stayed pending the outcome of the appeal. 29 S.W.3d 48, 50 (Tenn. Crim. App. 1999). However, this statement in Lyons related to a direct appeal of the sentence and not an appeal of a revocation order. More specifically, we held in Lyons the revocation warrant was issued prior to the expiration of probation since probation had been automatically stayed during the previous direct appeal of the sentence. *Id.*

Here, the issue is whether the trial court can require a defendant to remain on supervised probation during the appeal of an order of revocation. The trial court has authority to release a defendant on bail pending appellate review of a revocation of probation. Tenn. R. Crim. P. 32(g). The trial court can set reasonable conditions of bail, including placing the defendant "under the supervision of an available probation counselor or other appropriate public official." Tenn. Code Ann. § 40-11-116(b)(2). If a defendant violates a condition of bail, bail can be revoked. In addition, the trial court retains the authority to revoke probation based upon commission of a new offense during a defendant's release on bail pending appeal, even prior to the beginning of the probationary term. State v. Stone, 880 S.W.2d 746, 748 (Tenn. Crim. App. 1994).

In this case, however, the trial court both allowed the defendant to remain on bail pending appeal and required her to "remain on supervised probation." Although the trial court has authority under Stone to conduct a revocation of probation hearing based upon new violations of law during the appeal, the trial court does not have authority to require the defendant to remain on supervised probation during the appeal unless reporting to a probation officer is a condition of bail. Our review of the transcript and order does not reflect that supervised probation was a condition of bail. Thus, the trial court erred in ordering a continuation of supervised probation during the appeal.

## CONCLUSION

Accordingly, we reverse the judgment of the court below. The state did not establish a violation of probation, and the trial court erroneously ordered a continuation of supervised probation during appeal. Nevertheless, upon remand the trial court will give the defendant credit toward probation for all times during which the defendant was in compliance with the conditions of probation.

_____
JOE G. RILEY, JUDGE