# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. SHAWN M. BROOKS

**Direct Appeal from the Circuit Court for Wilson County**
**Nos. 96-0071; 99-0432     J. O. Bond, Judge**

---

**No. M2001-02358-CCA-R3-CD - Filed July 29, 2002**

---

The Appellant, Shawn M. Brooks, appeals from the judgment of the Wilson County Circuit Court revoking his probation. In May of 1996, Brooks pled guilty to sale of a Schedule I controlled substance, lysergic acid diethylamide (LSD), and received a split confinement sentence of eight years with one year to be served in confinement followed by seven years supervised probation. Again, in May of 1999, Brooks pled guilty to sale of a counterfeit controlled substance and received a two-year suspended sentence to be served consecutively to the 1996 sentence.

On April 10, 2001, a probation violation warrant was issued for only the 1996 sentence based upon a new arrest in DeKalb County for numerous offenses. At the probation violation hearing, Brooks admitted guilt, which resulted in the revocation of his sentence and the reinstatement of his original eight-year sentence in the Department of Correction. Thirty days later, an amended order was entered by the trial court revoking Brooks' 1999 two-year suspended sentence on the same grounds. On appeal, he argues that the trial court erred by failing to consider alternatives to revocation. After review, we find that the trial court did not abuse its discretion by revoking Brooks' 1996 conviction. However, with regard to revocation of the 1999 sentence, we find that the proceedings failed to afford fundamental due process protections. Accordingly, we reverse and vacate the trial court's amended order revoking Brooks' two-year suspended sentence for sale of a counterfeit controlled substance.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in Part; Reversed and Vacated in Part.**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Merrilyn Feirman, Nashville, Tennessee; Richard Brodhead, Assistant Public Defender, Lebanon, Tennessee, for the Appellant, Shawn M. Brooks.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and David Durham, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In December 1995, the Appellant was indicted by a Wilson County grand jury for the unlawful sale of a Schedule I controlled substance, LSD, a class B felony. On May 23, 1996, he pled guilty and, as a Range I standard offender, was sentenced to eight years with one year to be served in the Wilson County jail followed by seven years of supervised probation. On July 7, 1997, the Appellant's probation was amended by agreed order adding fifty more hours of public service work because he was "using marijuana and alcohol." Thereafter, the Appellant's probation was revoked on March 18, 1998, because he tested positive for cocaine, admitted to tampering with the drug test "by having bleach on his fingers and putting that in the cup," failed to get alcohol and drug assessment as instructed, failed to maintain employment, and moved without notifying his probation officer. The Appellant's supervision was placed with Community Corrections and his new release date was determined to be March 18, 2006. On July 10th and August 27th of 1998, warrants were issued alleging a violation of the Community Corrections sentence. The Appellant was found to be in violation of his Community Corrections sentence on November 20, 1998, and was "ordered to serve one year split confinement in the Wilson County Jail" and, thereafter, "return to the supervision of the 15th Judicial District Community Corrections and abide by all rules."

In March of 1999, the Appellant was indicted for sale of a counterfeit controlled substance represented to be LSD, a class E felony. He pled guilty on May 28, 1999, and was sentenced to two years of probation to run consecutively to the 1996 sentence. On April 10, 2001, a warrant was issued alleging a probation violation of the 1996 sentence due to the Appellant's arrest in DeKalb County for possession of drug paraphernalia, simple possession, theft under $500.00, and criminal simulation.[1] After a hearing, the trial court entered an order on August 6, 2001, revoking the Appellant's 1996 sentence and reinstating his original eight-year Department of Correction sentence. In an apparent afterthought and without explanation in the record, the trial court entered an amended order on September 6, 2001, additionally revoking the Appellant's probation on his 1999 two-year suspended sentence for sale of a counterfeit substance and ordering him to serve a total of ten years in the Department of Correction. The Appellant filed a notice of appeal on September 24, 2001.

---

[1] As a result of the DeKalb County proceedings, the Appellant was convicted of criminal simulation and received a three-year sentence.

## ANALYSIS

The Appellant argues that the trial court erred "by failing to consider alternatives to revoking [his] probation." The Appellant does not contest the grounds supporting revocation; but, he argues that the trial court abused its discretion by imposing the original eight-year sentence of incarceration rather than extending the period of probation or modifying the conditions of probation.

The law concerning revocation of a suspended sentence is clear. Upon finding, by a preponderance of the evidence, that a defendant has violated the conditions of probation, a trial court retains the discretion to revoke the defendant from a suspended sentence and cause execution of the original judgment as it was entered. Tenn. Code Ann. §§ 40-35-310, -311(d), -36-106(e)(4) (1997 & Supp. 2001).

This court reviews a revocation under an abuse of discretion standard. *See State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). This means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *See State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App.1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment.

In the present case, the Appellant's flagrant abuse of his judicially granted liberty is indefensible. The primary goal of non-institutional punishment is to provide a period of grace in order to assist the rehabilitation of a penitent offender. *Burns v. United States*, 287 U.S. 216, 220, 53 S. Ct. 154, 155 (1932). The record is undisputed that the Appellant continued to use drugs and violate numerous conditions of his probation and Community Corrections sentences. His conduct demonstrates that he is unrepentant. Efforts to rehabilitate the Appellant have been rejected. In the case before us, the trial court was statutorily authorized to reinstate the Appellant's original eight-year Department of Correction sentence. Based on the record before us, we cannot conclude that the trial court abused its discretion in revoking the Appellant from his non-incarcerative status and by ordering the Appellant to serve the terms of his original sentence, eight years in the Department of Correction.

The Appellant also challenges the revocation of his two-year sentence for the sale of a counterfeit controlled substance. He argues that the amended order was entered in error because (1) the trial court did not have the authority to revoke his probation because the probationary period had not yet begun, and (2) there was no indication in the record that a probation violation warrant was issued for the 1999 sentence.

First, we conclude the law is clear that the trial court did have the authority to revoke the Appellant's probation before his probationary period began. *See* Tenn. Code Ann. §§ 40-35-310, -311(d), -36-106(e)(4). In *State v. Stone*, 880 S.W.2d 746, 748 (Tenn. Crim. App. 1994), this court held that "from the date of the entry of a judgment . . . a trial court has the authority to revoke probation if a defendant commits another crime after entry of the judgment, but before the probationary term begins." The court reasoned that "an obligation not to commit a criminal violation is so inherently and patently a requirement of our citizens that it attaches to any grant of probation and that probationers, whether they be present or future, are put on notice, as a matter of law, that further criminal acts may result in revocation." *Id.* at 749. This issue is without merit.

Turning to the Appellant's second challenge to the revocation of his 1999 sentence, in *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761 (1973), the United States Supreme Court set forth the elements needed to establish the "minimum requirements of due process" in a revocation of probation proceeding:

(a) written notice of the claimed violations of [probation or] parole;

(b) disclosure to the [probationer or] parolee of evidence against him;

(c) opportunity to be heard in person and to present witnesses and documentary evidence;

(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);

(e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

(citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593 (1972)); *see also State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993). We find none of the above minimum due process requirements were met with regard to revocation of the Appellant's 1999 suspended sentence for sale of a counterfeit drug. No reference is made to the Appellant's two-year suspended sentence in the probation violation warrant. Accordingly, the Appellant was not placed on notice by the warrant nor does the record reflect that notice was received in any form prior to the hearing that his two-year probation was being revoked. Moreover, at no time during the probation violation hearing was any reference

made to the Appellant's two-year suspended sentence.[2] These notice requirements could have been remedied by amendment to the warrant or waiver by the Appellant. Although some conditions may be so inherent and founded in law that no *per se* notice is required, that simply is not the case here. We find that the revocation proceeding violated the minimal due process requirements of *Gagnon v. Scarpelli.* The trial court's order of revocation of the Appellant's 1999 two-year suspended sentence for sale of a counterfeit substance is reversed and vacated.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in ordering revocation of the Appellant's 1996 eight-year sentence. However, we do find that the trial court abused its discretion in ordering revocation of the Appellant's probation with regard to his 1999 two-year sentence for the sale of a counterfeit controlled substance. Accordingly, the judgment of the trial court revoking the Appellant's 1999 suspended sentence is reversed and vacated. Revocation of the Appellant's probationary status and reinstatement of his original eight-year Department of Correction sentence for sale of a Schedule I controlled substance is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[2]In this regard, we are constrained to note that the entire transcript of the revocation proceeding encompasses only two pages. The factual development of matters relevant to every revocation proceeding are virtually non existent, including: (1) the docket numbers and offenses before the court in which revocation is sought; (2) the specific rule or condition of probation allegedly violated for which revocation is sought; (3) a brief procedural history of supervision and prior violations; (4) identification of the witnesses testifying at the hearing; and (5) failure to place witnesses under oath.