# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 21, 2002

## STATE OF TENNESSEE v. JAMES ANTHONY CLINE

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-12958 and C-13102     D. Kelly Thomas, Jr., Judge**

---

**No. E2001-02011-CCA-R3-CD**
**August 6, 2002**

---

The appellant, James Anthony Cline, pled guilty to one count of theft of property and received a probationary sentence. Prior to the entry of the judgment of conviction, the appellant committed another theft offense. Additionally, during the appellant's probationary sentence, the appellant was convicted of several other offenses, including four forgery offenses. As a result of the appellant's continued criminal conduct, the trial court revoked the appellant's probation. On appeal, the appellant raises the following issues for our review: (1) whether the trial court abused its discretion in finding that the appellant violated the conditions of his probation; and (2) whether the trial court erred in denying alternative sentencing. Upon a review of the record and the parties' briefs, we affirm the judgments of the trial court and remand for correction of the judgments on the four forgery offenses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal), and Mack Garner, Maryville, Tennessee, for the appellant, James Anthony Cline.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Mike Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In October 2000, the appellant was caught removing a computer from Wal-Mart and was subsequently indicted by the Blount County Grand Jury on one count of theft of property in violation of Tenn. Code Ann. § 39-14-103 (1997). The appellant pled guilty to theft over $500,

a Class E felony, and was sentenced to incarceration for one year in the Tennessee Department of Correction. The sentence was suspended, and the appellant was placed on supervised probation. The guilty plea was signed by appellant and the trial court on February 20, 2001, and, likewise, the judgment reflects an appearance before the trial court by the State, the appellant, and the appellant's counsel on February 20, 2001. Moreover, on February 20, 2001, a supplemental probation order was entered setting forth the conditions and guidelines of appellant's probation. However, the judgment of conviction reflects that it was signed by the trial court and entered on February 22, 2001.

On March 28, 2001, the appellant was arrested on a charge of forgery which allegedly occurred on February 21, 2001. The appellant pled guilty on April 20, 2001, to the lesser offense of theft and was sentenced to eleven months and twenty-nine days incarceration. Furthermore, on June 11, 2001, the appellant pled guilty to four counts of forgery and received four concurrent sentences of incarceration for one year in the Department of Correction, with the manner of service to be determined by the trial court. The forgery offenses occurred in December 2000 in Blount County. Additionally, on July 3, 2001, the appellant was arrested in Cumberland County on charges of burglary.

Subsequently, a violation of probation warrant was issued on July 9, 2001, alleging that, as a result of appellant's arrests on March 28, 2001, and July 3, 2001, the appellant had violated the terms of his probation for the February 2001 theft conviction. The trial court held a hearing on August 14, 2001, to determine if the appellant had violated the terms of his probation, and also to determine the manner of service of the June 2001 forgery convictions.

At the evidentiary hearing, the appellant claimed that he stole the computer from Wal-Mart "basically to prove a point to some kids that it's not going to pay." He admitted that, while the theft charge was pending, he was involved in the forgery of four stolen checks, although he maintained that he was directly involved in only three of the forgeries. He and two other individuals found a book of checks at a gas station and "went into a little shopping spree." The appellant also admitted that, at the time of the hearing, he had charges pending against him in Cumberland County.

Following the hearing, the trial court revoked the appellant's probation on the basis of the offense committed by appellant on February 21, 2001. The trial court also denied alternative sentencing for the June 2001 forgery convictions. The appellant timely filed a notice of appeal alleging that the trial court erred by revoking his probation for his February 2001 theft conviction, and also erred by denying appellant an alternative sentence for the four forgery convictions.

Although the appellant admits that the trial court has the authority to revoke probation if a defendant commits a crime after entry of the judgment granting probation, the appellant maintains that, because the second theft offense was committed the day before entry of the judgment for the first theft offense, the trial court could not properly revoke his probation.

## II. Analysis
### A. Probation Revocation

-2-

A trial court may revoke a defendant's probation when it finds that the probationer has violated the conditions of probation. See Tenn. Code Ann. § 40-35-310 (1997). In determining whether or not to order revocation, the trial court need not find beyond a reasonable doubt that a violation of the conditions of probation has occurred. The existence of a violation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d) (1997). On appeal, the record must demonstrate that the trial judge has not acted arbitrarily and has exercised conscientious judgment. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). In other words, this court will not reverse the judgment of the trial court absent an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial judge's findings. Harkins, 811 S.W.2d at 82.

The appellant argues that, because the basis of the revocation was a crime committed one day prior to the entry of the judgment on the February theft conviction, the trial court erred. He essentially argues that he is entitled to a "grace period in which his activity, no matter how heinous, would not affect his probationary release into society." State v. Malone, 928 S.W.2d 41, 45 (Tenn. Crim. App. 1995). The appellant cites this court's opinions in Malone, *supra*; State v. Smith, 909 S.W.2d 471 (Tenn. Crim. App. 1995); and State v. Stone, 880 S.W.2d 746 (Tenn. Crim. App. 1994), to support his argument. We must respectfully disagree.

This court has previously recognized that a defendant who has been granted probation has "a liberty interest that is protected by due process of law," and must have reasonable notice of the conduct that is prohibited. State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997) (citing Practy v. State, 525 S.W.2d 677, 680 (Tenn. Crim. App. 1974)). We have also concluded that a trial court will usually be unable to revoke a defendant's probation for offenses based on violation of the conditions of probation if those violations occurred before the conditions were set. Stubblefield, 953 S.W.2d at 225. As we noted in Stubblefield,

> revoking probation based upon criminal acts a defendant committed before being placed on probation does not implicate these due process concerns because, unlike other conditions of probation that may be imposed, the defendant is deemed to have notice that his or her conduct must conform to the requirements of the law from the time of the law's enactment.

Id. Moreover, this court has stated that if a defendant engages in criminal conduct after arrest and such conduct is not disclosed to the trial court at the time of the grant of probation, such conduct may be considered for the purpose of revoking defendant's probation. State v. Williams, 52 S.W.3d 109, 122 (Tenn. Crim. App. 2001).

In the instant case, the appellant testified at the evidentiary hearing. He conceded that, subsequent to the grant of probation, he pled guilty for the offense which occurred on February 21, 2001. As noted, the appellant also admitted that, since being placed on probation, he had pled guilty to four forgery offenses and also had charges pending in Cumberland County at the time of the revocation hearing. Notably, in its ruling, the trial court stated that, although the proof from the record is unclear as to whether the appellant was granted probation on February 20, 2001, or

February 22, 2001, at the time appellant was granted probation the trial court was unaware of the offense committed on February 21, 2001.[1]  Regardless, the record clearly supports the trial court's revocation of appellant's probation.

### B.  Alternative Sentencing

The appellant also argues that the trial court should have granted him alternative sentencing for the four forgery convictions.  When an appellant challenges the length, range, or manner of service of a sentence, this court conducts a de novo review of the record with a presumption that the determinations of the sentencing court were correct.  See Tenn. Code Ann. § § 40-35-401(d) (1997).  "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In conducting a de novo review, this court must consider (a) all the evidence at trial and the sentencing hearing; (b) the presentence report; (c) the sentencing principles; (d) the arguments of counsel; (e) the nature and characteristics of the offenses; (f) any statutory mititgating and enhancing factors; (g) any statement that the defendant made on his own behalf; and (h) the defendant's potential for rehabilitation.  See Tenn. Code Ann. § § 40-35-102 and -103 (1997), and -210(b) (Supp. 2001).  The burden of showing that a sentence was improper is upon the appealing party.  See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

Tenn. Code Ann. § 40-35-102(5) recognizes that "state prison capacities and the funds to build and maintain them are limited," and provides that only "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration."  A defendant who does not fall within this class of offenders and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary."  Tenn. Code Ann. § 40-35-102(6).  Furthermore, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation."  State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993) (citation omitted); see also Tenn. Code Ann. § 40-35-303(a) (Supp. 2001).  However, "[i]f the court is presented with evidence sufficient to overcome the presumption, then it may sentence the defendant to confinement according to the statutory provision."  Ashby, 823 S.W.2d at 169.  Evidence sufficient to overcome the presumption includes evidence showing that:

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

---

[1] The record reflects that both the plea agreement which was signed by appellant and the supplemental probation order are dated February 20, 2001.

(C) [m]easures less restrictive than confinement have frequently or
recently been applied unsuccessfully to the defendant.
Tenn. Code Ann. § 40-35-103(1)(A)-(C).

The presumption in favor of alternative sentencing may be overcome by facts contained in the presentence report, evidence presented by the State, the testimony of the accused or a defense witness, or any other source, provided it is made a part of the record. See State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5). A court may also apply the mitigating and enhancement factors set forth in Tenn. Code Ann. §§ 40-35-113 and -114 (1997) as they are relevant to the sentencing considerations set forth in Tenn. Code Ann. § 40-35-103. See Tenn. Code Ann. § 40-35-210(b)(5).

We conclude that the trial court properly denied alternative sentencing. Measures less restrictive than confinement had recently been granted the appellant and had obviously been unsuccessful. Again, either one day before or one day after the granting of probation, the appellant committed another criminal act. He subsequently pled guilty to four counts of forgery and had additional charges pending. Moreover, at the sentencing hearing, the appellant refused to accept responsibility for his actions, providing the court with numerous excuses for his conduct. In denying alternative sentencing, the trial court correctly recognized that the appellant is presumed to be a favorable candidate for alternative sentencing. However, the trial court correctly concluded that the presumption had been successfully rebutted. Specifically, the trial court noted:

> [H]e is not a candidate– a proper candidate for an alternative sentence in the forgery cases, although he's presumed to be so. The reason being is his criminal history, just— trying to walk out of Walmart with a computer in October, and then stealing and forging checks in December, and then being involved in another theft or forgery in February. I mean, that's– and these aren't things that were driven by an addiction or anything else. These were just things that he decided to do for whatever bizarre reasons.
>
> And Mr. Cline doesn't— is not open and truthful on the witness stand. He qualifies all his answers. He doesn't accept responsibility for these offenses. He always tries to minimize his involvement every time he says something about it. You know, it's — the likelihood of rehabilitation is just extremely poor, given the circumstances.

Accordingly, the trial court properly denied the appellant's request for alternative sentencing.

Tangentially, we note that, in our review of the record, the judgments of conviction for the appellant's four forgery convictions contain error. All four judgments, which were entered

on August 28, 2001, indicate that the underlying offenses occurred in December 2001. However, the indictments on these charges clearly reflect that the forgery offenses occurred in December 2000.

### III.  Conclusion

Accordingly, this matter is remanded to the trial court for correction of the judgments on the June 2001 forgery convictions from an offense date of December 2001 to an offense date of December 2000.  The judgments of the trial court are affirmed in all other respects.

_____
NORMA McGEE OGLE, JUDGE