# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JUNE 1998 SESSION



FILED

August 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9712-CC-00464 |
| Appellee, | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. WHIT LAFON, |
| CHARLES MARTIN STOOTS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Community Corrections |
| | ) | Revocation) |
| | ) | |

**FOR THE APPELLANT:**

**GEORGE MORTON GOOGE**
District Public Defender

**STEPHEN P. SPRACHER**
**(Hearing Only)**
227 W. Baltimore
Jackson, TN 38301-6137

**C. MICHAEL ROBBINS**
**(Appeal Only)**
3074 East Street
Memphis, TN 38128

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JAMES G. WOODALL**
District Attorney General

**JAMES W. THOMPSON**
Assistant District Attorney General
225 Martin Luther King Dr.
P.O. Box 2825
Jackson, TN 38302-2825

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Charles Martin Stoots, appeals the trial court's revocation of his Community Corrections sentence. The defendant pled guilty to burglary, two (2) counts of theft over $1,000 and DUI. The defendant received an effective sentence of six (6) years to be served in Community Corrections consecutive to an eleven (11) month twenty-nine (29) day sentence of confinement for DUI. The defendant failed to report to serve the DUI sentence. We find the trial court did not abuse its discretion in revoking the defendant's Community Corrections sentence and AFFIRM its decision.

**FACTS**

The defendant entered his guilty pleas to burglary, theft and DUI on January 8, 1997. He was sentenced to eleven (11) months and twenty-nine (29) days for DUI to be followed by six (6) years on Community Corrections for the burglary and thefts. He requested that his report date on the DUI be delayed for a short period of time so that he could get his affairs in order. The trial court complied and gave the defendant until January 18, 1997, to report.

The defendant went to Texas immediately after sentencing and did not report to the jail at his scheduled time. Some months later, the defendant was arrested in Texas on the violation warrant. The defendant claimed he went to Texas to see his son and was involuntarily hospitalized while there, preventing his scheduled reporting.

**REVOCATION OF COMMUNITY CORRECTIONS**

A trial court may revoke Community Corrections and resentence a defendant upon finding the defendant violated the terms and conditions of

Community Corrections. Tenn. Code Ann. § 40-36-106(e)(4). Revocation of a Community Corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of the Community Corrections sentence has occurred. Id.

The failure to report to begin service of a sentence is a criminal offense. Tenn. Code Ann. § 39-16-609(a)(2). The defendant claimed involuntary hospitalization prevented him from doing so. However, the defendant testified he had access to a telephone for three (3) months but failed to inform anyone in Tennessee of his whereabouts or status of hospitalization. The trial court was obviously unimpressed with the defendant's explanation.

The defendant further contends the failure to report occurred prior to the time he was to actually begin the Community Corrections program. This is no defense. *See* State v. Stone, 880 S.W.2d 746, 748 (Tenn. Crim. App. 1994)(finding revocation of probation is proper where defendant commits another offense after entry of judgment but before probationary period begins).

The trial court is in a much better position to assess credibility than this Court since it can assess the appearance and demeanor of the defendant. The trial court implicitly found the defendant's absence from this state for months without notifying local authorities to be inexcusable. We conclude the defendant has failed to prove the trial court abused its discretion in revoking Community Corrections.

The judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**



_____
**PAUL G. SUMMERS, JUDGE**



_____
**DAVID H. WELLES, JUDGE**