IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2005

## STATE OF TENNESSEE v. ISRAEL ALLEN JACKSON

**Appeal from the Circuit Court for Dickson County**
**No. CR7338, CR7339, CR7495     Robert E. Burch, Judge**

**No. M2005-00365-CCA-R3-CD - Filed November 9, 2005**

The Appellant, Israel Allen Jackson, appeals the order of the Dickson County Circuit Court revoking his suspended sentences. In November 2004, Jackson received an effective eight-year sentence, which was suspended following his guilty pleas to three counts of Class C felony sale of cocaine. The eight-year sentence was ordered to be served consecutively to a two-year term of probation, stemming from a prior drug conviction which Jackson was still serving at the time of his guilty pleas. In December 2004, a probation violation warrant was issued alleging that Jackson had violated numerous conditions of probation. Following a revocation hearing, Jackson was found in violation of probation, and his effective eight-year suspended sentence was revoked with reinstatement of his sentences in the Department of Correction. On appeal, Jackson argues that the trial court was without authority to revoke his effective eight-year sentence as the sentence had not yet "begun to run." Additionally, he argues that the trial court erred in finding him in violation of probation. Finding these assertions without merit, the order of revocation is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

William B. "Jake" Lockert, III, District Public Defender; and Chris L. Young, Assistant District Public Defender, Ashland City, Tennessee, for the Appellant, Israel Allen Jackson.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Kim Menke, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On November 19, 2004, the Appellant pled guilty in case number CR7338 to one count of Class C felony sale of cocaine and received a four-year sentence, which was suspended after the

service of thirty days in jail. In case number CR7339, the Appellant pled guilty to two counts of Class C felony sale of cocaine and received concurrent sentences of five years, to be suspended after service of thirty days in jail. In case number CR7495, the Appellant pled guilty to Class C felony sale of cocaine and received a three-year suspended sentence. The sentences in case numbers CR7338 and CR7339 were ordered to be served concurrently but consecutively to the three-year sentence in case number CR7495, for an effective eight-year sentence. Moreover, the eight-year sentence was ordered to be served consecutively to an outstanding two-year suspended sentence which the Appellant was serving at the time. The two-year sentence stemmed from the Appellant's conviction in March 2003 for facilitating the sale of cocaine. After sentencing on November 19, 2004, the Appellant's probation officer instructed the Appellant to report to her office on November 23, 2004, for the initial interview. The Appellant was released from the county jail on November 22, 2004, but failed to report on the 23rd as instructed.

In December 2004, a probation violation warrant was issued in case numbers CR7338, CR7339, and CR7495, alleging that the Appellant had violated a condition of probation by being arrested on December 2, 2004, for aggravated assault, possession of a schedule II controlled substance, vandalism, reckless endangerment, possession of drug paraphernalia, driving on a revoked license, and resisting arrest. Additionally, the report charged violations of failing to report and testing positive for drugs. A revocation hearing was held on January 26, 2005, at which the Appellant initially moved to dismiss the petition for violation of probation because the eight-year sentence had not yet "begun to run." The Appellant was not charged with a violation in the two-year probationary sentence which had not expired at the time. The trial court found the Appellant to be in violation of his probation based upon a failure to report to his probation officer on November 23rd. The court made no findings with regard to the additional arrests or the positive drug test results. The trial court ordered that the Appellant's effective eight-year sentence be served in confinement. This appeal followed.

**Analysis**

On appeal, the Appellant challenges the revocation of his probation on two grounds. First, he argues that it was error to revoke "his probationary sentence in a case that has not begun to run yet." He asserts that his two-year probationary term had not expired, and because his effective eight-year sentence was consecutive to the two-year sentence, the trial court was without authority to revoke probation before he actually began serving the eight-year sentence of probation. Moreover, he argues that the trial court abused its discretion in finding that the Appellant failed to report to the initial meeting with his probation officer when he was already under a separate probation order to report in the case which was currently being served.

**A. Revocation**

With regard to the revocation of a suspended sentence, our sentencing law provides:

Whenever it comes to the attention of the trial judge that any defendant, who has been released upon suspension of sentence, has been guilty of any breach of the laws of this state or who has violated the conditions of probation, the trial judge shall have the power to cause to be issued under such trial judge's hand a warrant for the arrest of such defendant as in any other criminal case.

Tenn. Code Ann. § 40-35-311(a) (2003) (emphasis added).

As held in *State v. Donald Wayne Joiner*, No. E2004-01060-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Jul 20, 2005), "[w]e would observe that a distinction exists between the . . . statutory term 'released upon suspension of sentence' and release to probationary supervision." As observed by the language of the statute, the focus is not whether the defendant is on probation supervision at the time of revocation, rather, the dispositive question is whether the defendant "has been released upon suspension of the sentence."

In this case, the judgments of conviction establish that the Appellant's effective eight-year sentence was suspended on November 19, 2004. Thus, on this date, the Appellant was released upon suspension of the sentence with probation supervision to begin at a future date. It is of no consequence that revocation occurred prior to the commencement of the probationary term. Any other conclusion would allow a defendant to commit indiscriminate criminal acts between the grant of probation and the commencement of the probationary term without consequence. *See also State v. Eric William Sanders*, No. E1999-00345-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Jan. 10, 2001); *State v. Conner*, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995) (a court may revoke a term of probation based upon acts committed after the imposition of a sentence but before the commencement of the probationary term); *State v. Stone*, 880 S.W.2d 746, 748 (Tenn. Crim. App. 1994). Accordingly, this issue is without merit.

**B. Probation Violation**

Next, the Appellant argues that the trial court erred in revoking the effective eight-year suspended sentence based upon his failure to report to his probation officer. This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the evidence need only show that the trial judge has exercised conscientious and intelligent judgment in making the decision rather than acting arbitrarily. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised conscientious judgment. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. Tenn. Code Ann. § 40-35-311(e).

The Appellant asserts that the trial court erred in revoking his probation based solely on his failure to report to the initial interview when he was already on supervised probation in another case at the time. However, the probation officer explained that she was not the Appellant's case officer on his other case, and at the initial interview, the rules and regulations of probation are reviewed, the Appellant's photo is taken, and a DNA sample is requested. At the hearing, the Appellant did not deny that his probation officer had instructed him to meet with her on Tuesday following his release from the jail. However, he claimed that he "didn't know exactly which Tuesday" she was referring to. Moreover, he asserts that the State failed to prove by a preponderance of the evidence that the probation officer meant for him to report on Tuesday, November 23rd.

The trial court found the Appellant in violation stating:

> [O]n 11/19 when he entered the plea in these cases, he was told to report on 11/23 because of the new cases. That's just simply because you've got to do - - in addition to signing the probation order, you've got to do paperwork, set up a file and so forth for these things; and it was - - if it hadn't been for these three new cases, he would have been reporting that day. He would have been coming in. He'd still be on 6209 scheduled to report even though he wasn't reporting for those either, so this is a failure to report on these three new cases, cases that we are here on; and that is a violation of his probation.
>
> Now Mr. Jackson tells us that he thought it was the following Tuesday even though he had his brother call and say he couldn't be there on the correct Tuesday. . . .
>
> You ought to really give up lying because you're just not smart enough. Your suspended sentence is revoked . . . .

We find nothing in the record to preponderate against the trial court's findings. The Appellant was ordered to report to his probation officer on November 23, 2004, specifically in case numbers CR7338, CR7339, and CR7495. Indeed, the Appellant admits that he did not report as instructed, despite arguing that he was unsure of which Tuesday to report. The trial court obviously discredited his testimony, and, in probation revocation hearings, the credibility of witnesses is to be determined by the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Thus, in this case, the Appellant has essentially conceded an adequate basis for finding that he violated the terms of his probation. *See State v. Nikobi I Dunn*, No. E2001-0220-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Dec. 23, 2002). Accordingly, we conclude that the trial court acted within its statutory authority in revoking the Appellant's probation and ordering that the sentences be served in confinement.

-4-

**CONCLUSION**

Based upon the foregoing, the revocation of the Appellant's suspended sentences by the Dickson County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE