IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 5, 2020

**STATE OF TENNESSEE v. MILTON SIMPSON**

**Appeal from the Criminal Court for Shelby County**
No. 16-06123     Lee V. Coffee, Judge

**No. W2019-00860-CCA-R3-CD**

The Defendant, Milton Simpson, appeals as of right from the Shelby County Criminal Court's order revoking his probation and imposing an effective ten-year sentence in confinement. On appeal, the Defendant contends that (1) the evidence was insufficient to establish that he violated the terms of his probation by breaking the law and that (2) his right of confrontation was violated when a court liaison testified in lieu of his probation officer and when a certified copy of an indictment was introduced as evidence. Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

J. Shae Atkinson (on appeal), and Michael J. Gatlin (at revocation hearing), Memphis, Tennessee, for the appellant, Milton Simpson.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kevin D. McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

The September 2016 term of the Shelby County Grand Jury charged the Defendant with one count of identity theft trafficking, six counts of identity theft, and seven counts of forgery under $1,000. See Tenn. Code Ann. §§ 39-14-150, -114. On December 5, 2016, the Defendant pled guilty to identity theft trafficking, a Class C felony; four counts of identity theft, a Class D felony; and one count of forgery under $1,000, a Class E felony.

The trial court imposed an effective sentence of ten years, suspended to ten years of supervised probation.

As relevant to this appeal, the probation order reflected the following conditions of probation:

1. I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances.
   . . . .
5. I will inform my Probation Officer before changing my residence or employment. I will get the permission of my Probation Officer before leaving the county of my residence or the State.
   . . . .
10. I will observe any special conditions imposed by the Court as listed below:

   Curfew 8pm-6am
   Random drug screens
   D to complete theft cessation class

The order reflected the signatures of the Defendant, a witness, and the trial court.

On April 4, 2018, the State filed a petition to revoke the Defendant's probation, alleging that he violated three conditions of his probation by (1) violating the law by being arrested on March 29, 2018, in Tupelo, Mississippi, for "false pretense," identity theft, and fraudulent use of the identifying information of another in order to obtain a thing of value; (2) failing to obtain his probation officer's permission before leaving Tennessee, as evidenced by his having been arrested in Mississippi; and (3) failing to begin or complete a mandated theft cessation class. The trial court held an evidentiary hearing on April 18, 2019.

At the hearing, the trial court noted that the Defendant had filed a pro se petition for post-conviction relief while represented by counsel, which the Defendant's first attorney and current defense counsel had both declined to adopt. Relative to the post-conviction petition, the court found that it had been filed after the January 5, 2017 limitation date, that the Defendant was represented by counsel, and that the petition was "frivolous." Relative to a pro se motion for the court to recuse itself, the court found that the motion was related to issues raised in the post-conviction petition and that it was "frivolous." The court noted that the Defendant "just want[ed] to delay this case," that the Defendant had been in jail since May 1, 2018, and that the Defendant had delayed the case for more than one year.

Dawn Sadler testified that she was a court liaison for the Tennessee Department of Correction Office of Probation and Parole; according to the Defendant's probation file, he was serving a ten-year probationary sentence in this case, as well as a six-year probationary sentence in another case imposed on December 21, 2015. Ms. Sadler stated that the Defendant was arrested on March 29, 2018, in Mississippi; she noted that the Defendant traveled to Mississippi without the permission of his probation officer. Ms. Sadler added that the Defendant never attended the theft cessation class that was a special condition of his probation. She affirmed that the Defendant was informed of the conditions of his probation.

The State entered a certified copy[1] of the Mississippi indictment as an exhibit. The trial court asked defense counsel if he had any objection to the indictment, and counsel replied negatively, noting his belief that the document was self-authenticating. The indictment, which was issued by the Lee County, Mississippi Grand Jury, alleged that on March 8, 2018, and March 29, 2018, respectively, the Defendant presented fraudulent checks from two victims during purchases at the same farm and supply store.

On cross-examination, Ms. Sadler testified that she had never met the Defendant, that she did not perform his intake interview, and that she was not present when the conditions of probation were explained to the Defendant. Ms. Sadler stated that according to the probation officer's file, the Defendant did not attend the theft cessation class. When asked whether the conditions of probation were explained to the Defendant, Ms. Sadler said that she did not "think that he signed anything" but that generally, probation conditions were reviewed during probation orientation.

The trial court interjected and stated for the record that it sentenced the Defendant and explained to him that he could not be arrested or leave the state without a permit from the court or his probation officer. In addition, the court conveyed to the Defendant that he was subject to a curfew and drug screens and that he had to complete the theft cessation class.

Robert Bigham testified that he previously owned a drywall store in Memphis and that on November 20, 2017, the Defendant paid for a drywall order with a "bad check" for about $2,700. Mr. Bigham explained that the check appeared to be connected to Bank of America and that the bank told Mr. Bigham that no account existed with the number on the check. At a later date, the Defendant called the store to place another order, and the employee recognized his voice and called Mr. Bigham. Mr. Bigham took another check from the Defendant when he came to the store; Mr. Bigham then called the police to arrange

---

[1] Each page of the indictment contained an embossed seal from the Lee County, Mississippi Circuit Court.

a "sting" operation in which Mr. Bigham and his employee drove to the Defendant with the drywall delivery accompanied by undercover officers. Mr. Bigham affirmed that the Defendant was arrested on this occasion. Mr. Bigham noted that the Defendant was ambulatory at that time.

On cross-examination, Mr. Bigham testified that he personally checked the Defendant's identification and that the photograph and number matched. He affirmed that he suffered no loss as a result of the second fraudulent check transaction.

The State argued that the Defendant violated the conditions of his probation when he violated the law by stealing from Mr. Bigham in November 2017, as well as being arrested in Mississippi; by refusing to attend the theft cessation class; and because he had a pending indictment in Shelby County for which he was "recently arraigned." The State requested that the trial court revoke the Defendant's probation.

Defense counsel argued that the Defendant had "terminal cancer"[2] and was not expected to survive for a long period of time. Counsel introduced as an exhibit a large quantity of medical records that were subpoenaed by the Defendant's previous attorney.

The trial court noted for the record that one of the reasons the Defendant received probation was "allegations that he [was] not in good health" and because confinement was not in the best interest of the Defendant or the administration of justice. The court stated that at the hearing, the sixty-eight-year-old Defendant was in a wheelchair. The court said that it had a "long history" with the Defendant, that the Defendant had been assigned to the court as a "special prosecution unit" defendant because of his criminal history, and that the Defendant had eighteen misdemeanor and eight felony convictions in addition to pending cases. The court recited a portion of the Defendant's criminal record, which began in 1982 and mostly consisted of fraud and forgery-related offenses, as well as some drug offenses, receiving and concealing stolen property, assault, theft, and identity theft. The court found that the Defendant "[would] not stop committing crimes" over the past thirty-seven years.

The trial court found that after the Defendant was placed on probation, he was arrested and convicted[3] of new offenses. The court noted that it was "not finding the

---

[2] Our brief review of the Defendant's medical records indicates that the Defendant was diagnosed with lung cancer and underwent surgery in 2012; the most recent records from 2018 reflected that the Defendant continued to suffer from chronic obstructive pulmonary disease (COPD), chest pain, airway obstructions, and unilateral paralysis of the vocal cords and larynx.

[3] The record does not contain documentation of any additional convictions; however, the court and the prosecutor referenced Shelby County proceedings not contained in the record several times.

merits of the arrest in Mississippi, but [the Defendant] traveled outside of the state, got him arrested." The court found that the Defendant reported to his probation officer but "did none of the special conditions[.]" The court found that the Defendant committed two crimes against Mr. Bigham by writing bad checks and "again defrauding citizens in Shelby County." The court noted that although it did not "take lightly" the Defendant's "severe medical issues," it found that it "[could not] allow [the Defendant] to hide behind medical illnesses." The court stated that judges had "bent over backwards trying to accommodate [the Defendant] and his medical issues" and that "sometimes the only option you have is to make sure that [the Defendant] is protected from himself." The court revoked the Defendant's probation and ordered him to serve his ten-year sentence in confinement.

On May 15, 2019, the Defendant filed a pro se notice of appeal, which averred that no evidentiary hearing had been held before his probation was revoked; the notice of appeal also purported to include pro se motions for recusal of the trial court, a "motion to dismiss attorney," a motion to proceed pro se, and a pro se petition for post-conviction relief. After the appellate record was filed, on October 23, 2019, this court entered an order concluding that the Defendant was still represented by appointed counsel who had not been granted permission to withdraw. This court noted that it had ordered appointed counsel to respond regarding the status of the Defendant's representation; counsel averred that although he had not been relieved as counsel by the trial court, "it would be unethical for him to continue representation in light of" the Defendant's having filed "repeated complaints" against him with the Board of Professional Responsibility. This court noted the Defendant's expressed desire in the notice of appeal to proceed pro se and remanded the matter to the trial court in order to determine whether the Defendant waived his right to the assistance of appointed counsel.

On November 22, 2019, the trial court filed two orders, which respectively allowed defense counsel to withdraw and appointed appellate counsel. Appellate counsel did not file a request for a delayed appeal or otherwise address the pro se notice of appeal. The case is now before us for our review.


ANALYSIS

As a preliminary matter, the State argues that because the Defendant was represented by counsel at the time he filed his pro se notice of appeal, the document is a nullity. The State acknowledges this court's ability to waive the timely filing of the notice

of appeal in the interest of justice, but notes that "the record does not show that this [c]ourt has made such a ruling, or that a motion to accept a late-filed notice of appeal has been filed." Our examination of the record indicates that appellate counsel has not addressed the notice of appeal, requested a delayed appeal, or submitted a reply brief responding to the State's argument in this regard.

We note that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). However, this court has previously considered the merits of a defendant's claims without regard to the "appropriateness of the pro se filing of the notice of appeal." See, e.g. State v. William Jamal Harris, No. E2012-01919-CCA-R3-CD, 2013 WL 6229531, at *4 (Tenn. Crim. App. Dec. 2, 2013); Gerry Hoover v. State, No. M2011-02413-CCA-R3-PC, 2012 WL 4841608, at *3 (Tenn. Crim. App. Oct. 10, 2012). We will similarly consider the Defendant's issues notwithstanding appellate counsel's failure to address the pro se notice of appeal.

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). Upon finding by a preponderance of the evidence that a defendant has violated the conditions of his release, the trial court "shall have the right . . . to revoke the probation and suspension of sentence" and either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. § 40-35-311(e). In a probation revocation hearing, the credibility of the witnesses is determined by the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Furthermore, the decision to revoke probation is in the sound discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); Mitchell, 810 S.W.2d at 735. The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, "it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Id. (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)); see also State v. Farrar, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The Defendant contends that the evidence was insufficient for the trial court to find that he disobeyed the law relative to Mr. Bigham because "[w]ithout the actual checks being shown at the [trial] court and without Mr. Bigham suffering actual loss from both checks that he testified about[,] . . . Mr. Bigham's testimony was not credible." This argument is without merit; witness credibility was the province of the trial court as the finder of fact, and we will not disturb its determinations in this regard on appeal. See Mitchell, 810 S.W.2d at 735.

The Defendant next contends that his right to confrontation was violated when Ms. Sadler testified in place of his probation officer. In a related issue, the Defendant contends that his right to confrontation was violated when the Mississippi indictment was entered as an exhibit. The Defendant acknowledges that no contemporaneous objection was made at the hearing relative to either issue and requests plain error review.

The doctrine of plain error only applies when all five of the following factors have been established:

(a) the record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused must not have waived the issue for tactical reasons; and
(e) consideration of the error must be "necessary to do substantial justice."

State v. Page, 184 S.W.3d 223, 230-31 (Tenn. 2006) (quoting State v. Terry, 118 S.W.3d 355, 360 (Tenn. 2003)) (internal brackets omitted). "An error would have to [be] especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error." Id. at 231.

The Defendant is not entitled to plain error relief. It is undisputed that the Defendant was indicted for offenses occurring in Lee County, Mississippi, in March 2018, and his probation file did not reflect that he received permission before leaving the state. The trial court found that the Defendant engaged in unlawful behavior related to his defrauding Mr. Bigham in November 2018. The court also found that the Defendant failed to attend the mandated theft cessation class. The court noted for the record that it informed the Defendant of the conditions of his probation, and the Defendant signed the probation order reflecting the same conditions. The record amply supports the trial court's order revoking the Defendant's probation and imposing his original ten-year sentence. Therefore, consideration of either alleged error is not necessary to do substantial justice. The Defendant is not entitled to plain error relief on this basis.

Finally, we note that the probation revocation petition did not include the allegations involving Mr. Bigham.   The Defendant did not lodge an objection to notice at the hearing or raise it as an issue on appeal, and any issue in this regard has been waived.   Tenn. R. App. P. 36(a) (providing that "[n]othing . . . shall be construed as requiring relief [to] be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error").   However, in light of the due process rights implicated by this omission, we will briefly examine it for plain error.

A probation revocation is not a stage of a criminal prosecution, though it does result in a loss of liberty.  Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759-60 (1973).   While a defendant who has been granted probation has only a conditional liberty interest, that conditional interest "must be protected by due process."   State v. Merriweather, 34 S.W.3d 881, 884 (Tenn. Crim. App. 2000) (citations omitted); see Scarpelli, 411 U.S. at 781-82; Morrissey v. Brewer, 408 U.S. 471, 481-89, 92 S. Ct. 2593-2600-04 (1972).   Accordingly, a defendant facing the revocation of probation is entitled to the "minimum requirements of due process," which the Supreme Court in Scarpelli and Morrissey identified as including: (1) written notice of the claimed violation(s) of probation; (2) disclosure to the probationer of evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the factfinder regarding the evidence relied upon and the reasons for revoking probation.   Scarpelli, 411 U.S. at 786, Morrissey, 408 U.S. at 489.

In this case, the Defendant was not informed that the State would be presenting evidence of the November 2017 incident involving Mr. Bigham at the revocation hearing. However, this court has previously alluded to the fact that abstaining from breaking the law is such an inherent condition of probation that no per se notice is required.   See State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997) (noting that revoking probation for criminal acts committed by a defendant before being placed on probation and of which the trial court was unaware at the time of sentencing "does not implicate [Scarpelli's] due process concerns because, unlike other conditions of probation that may be imposed, the defendant is deemed to have notice that his or her conduct must conform to the requirements of the law from the time of the law's enactment.") (citing State v. Stone, 880 S.W.2d 746 (Tenn. Crim. App. 1994)).   The Defendant was aware that he had broken the law upon his November 2017 arrest, thereby violating the terms of his probation.   We also note that Mr. Bigham testified and was subject to cross-examination.   Although the best practice would have been for the State to file an amended petition or obtain a waiver

–8–

by the Defendant, we cannot conclude that the Defendant was prejudiced in this regard. The record reflects that even without Mr. Bigham's testimony, the Defendant violated the conditions of his probation by traveling outside the state without permission and by failing to attend the theft cessation class, rendering any potential error harmless. Because the Defendant's substantial rights were not affected, he not entitled to plain error relief on this basis.

<u>CONCLUSION</u>

In light of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
D. KELLY THOMAS, JR., JUDGE